EBENEZER E. ABBOTT *vs.* TIMOTHY N. UPHAM.

A mortgagee of land and a mill thereon, who enters on the mortgaged premises, and causes the tenant thereof, who is in possession under a parol lease from the mortgagor, to attorn, is an occupant of the mill, within the meaning of the Rev. Sts. *c.* 116, § 24, which give an action "against the person who shall own or occupy the mill at the time the action is brought," to recover annual or gross

damages awarded to the plaintiff for the flowing of his lands by the dam of the mill, although such mortgagee does not enter upon the premises for the purpose of foreclosing the mortgage.

THIS was an action of debt, brought to recover the gross damages awarded to the plaintiff, by a jury, against Nahum Howe, on a complaint preferred against said Howe, by the plaintiff, under the Rev. Sts. c. 116, which prescribe proceedings for the support and regulation of mills. The action was founded on § 24 of said chapter, which provides that when a person, whose land is flowed by a mill dam, has obtained a verdict for the annual or gross damages caused thereby, he " may maintain an action of assumpsit or debt therefor, in the court of common pleas, against the person who shall own or occupy the mill when the action is brought."

At the trial in the court of common pleas, before *Merrick*, J. the plaintiff gave evidence that the defendant held a mortgage of the mill, (the dam of which caused the flowing of the plaintiff's land,) given by said Nahum Howe before the filing of the original complaint, on which the plaintiff obtained an award of damages as above mentioned. The plaintiff also gave evidence tending to show that the defendant was in the actual occupation of the premises on which the mill stood, or part thereof, some time before the commencement of this action; and also that the defendant, as mortgagee, had entered on the premises, and leased them, by parol, at a stipulated rent, to tenants, who were in, under such leases, when this action was commenced; also evidence tending to show that the defendant entered upon the premises, or a part thereof, being in the actual occupation of the tenants of the mortgagor, who were in under parol leases, and caused said tenants to attorn to him and pay rent to him; and that he was in the receipt of such rent, when this action was brought.

Upon this evidence, the judge instructed the jury, " that if they should find that the defendant, as mortgagee, had entered into and taken possession of the premises, and had leased them to tenants at a stipulated rent, and they had entered and enjoyed the premises under such leases; or if they should find

15 *

that, the premises being in the actual possession of the tenants of the mortgagor, the defendant entered thereon, as mortgagee, and caused such tenants to attorn to him, and they agreed to pay their rent to him; the defendant must be held to be the occupant of the estate, and liable, as such, to the provisions of § 24 of c. 116 of the Rev. Sts. although he was not in possession for the purpose of foreclosing the right in equity of redemption, for breach of the condition of the mortgage."

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the aforesaid instructions.

*Barton & Bacon*, for the defendant, objected to so much only of the instructions as related to the effect of the defendant's causing the tenants of the mortgagor to attorn to him.

*N. Wood*, for the plaintiff.

DEWEY, J.   The right to recover the gross damages awarded by a jury, upon a complaint for flowing land, and the persons liable to such action, are questions that must be settled by the provisions of Rev. Sts. c. 116, containing the various statute enactments respecting the erection of mills.   Whether it be reasonable that gross damages should be recoverable of a temporary occupant of a mill, and whether injustice may not sometimes be done by permitting such recovery of a tenant for a short term, are questions not within our province to decide. The legislature has plainly authorized such recovery of an occupant of the mill, and the sole inquiry is, whether the instructions of the presiding judge, as to the facts necessary to constitute the defendant such occupant, were correct in point of law.   And it seems to us, that the instructions upon this point were entirely correct.

Without attempting to define the term "occupant," or to state, with precision, what might constitute such occupancy as would bring a party within the purview of this statute, we are clearly of opinion that when a mortgagee makes an entry under his mortgage title, upon the premises, and demands of the tenant, holding by parol lease from the mortgagor, to attorn to him, and the tenant assents to such demand, such entry and attornment are quite sufficient to make the mortgagee

the occupant of the mill, within the provisions of the statute. It is to be borne in mind, that the leases to the tenants were by parol.

To charge the defendant, it is not necessary that the entry should have been made by him for the purpose of foreclosing the mortgage. Having the legal estate and the right of entry, he might make an entry; and if assented to by those having the possession, or peaceably acquired by him, it would have the effect to transfer to him the possession, although, without further proceedings, it would be unavailing as an entry to foreclose. · *Exceptions overruled.*